**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
BEVERIDGE & DIAMOND, P.C.               )
    1350 I Street, N.W., Suite 700      )
    Washington, DC 20005                )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )        Civil Action No. _____
                                        )
UNITED STATES DEPARTMENT OF             )
    HEALTH AND HUMAN SERVICES           )
    Office of General Counsel           )
    200 Independence Ave., S.W.         )
    Room 713-F                          )
    Washington, DC 20201,               )
                                        )
        and                             )
                                        )
CENTERS FOR DISEASE CONTROL             )
    AND PREVENTION                      )
    1600 Clinton Road                   )
    Atlanta, GA 30333                   )
                                        )
        and                             )
                                        )
AGENCY FOR TOXIC SUBSTANCES             )
    AND DISEASE REGISTRY                )
    4770 Buford Highway, N.E.           )
    Atlanta, GA 30341                   )
                                        )
        Defendants.                     )
_____)

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**PRELIMINARY STATEMENT**

1.      Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as

amended, Plaintiff Beveridge & Diamond, P.C. ("Beveridge & Diamond") brings this action to

compel the disclosure and release of agency records wrongly withheld by Defendants United

States Department of Health and Human Services ("HHS") and its components, the Centers for

Disease Control and Prevention ("CDC") and Agency for Toxic Substances and Disease Registry

("ATSDR").

2.      Beveridge & Diamond filed a FOIA request with the CDC/ATSDR FOIA Office

on June 17, 2013 ("the Request"), for data, communications, and other documents related to

follow-up work and updates to a Marysville, Ohio cohort that was the subject of previous

scientific studies.  The follow-up work and updates were intended to further understanding of

exposure to Libby amphibole asbestos and resulting health outcomes.  The requested records are

directly relevant to portions of an Environmental Protection Agency ("EPA") toxicological

assessment regarding Libby amphibole asbestos that is nearing completion.

3.      The statutory deadline under FOIA for the CDC/ATSDR Office to respond to the

Request was July 31, 2013.  To date the CDC/ATSDR FOIA Office has not provided a single

responsive document, has not provided any determination with respect to the requested

documents, has not provided any schedule as to when the documents will be made available, and

has not asserted any exemption which would justify withholding the requested documents.

4.      Having received no determination, documents, information, or response regarding

a date certain for production from the CDC/ATSDR FOIA Office or HHS, Beveridge &

Diamond has been forced to seek judicial relief and now requests that this Court order CDC,

ATSDR, and HHS to expeditiously release the wrongly withheld documents.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction

over this action pursuant to 28 U.S.C. § 1331.

6.      Venue lies in this District under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

7.      Plaintiff Beveridge & Diamond is a professional corporation incorporated in the District of Columbia with its principal office in Washington, D.C.

8.      Defendant HHS is a Department of the Executive Branch of the United States Government, and includes CDC and ATSDR as two of its component entities.  HHS is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession or control of the agency records Plaintiff seeks here.

9.      Defendant CDC is a federal public health agency and operating division of HHS. CDC is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession or control of the agency records Plaintiff seeks here.

10.     Defendant ATSDR is a federal public health agency and operating division of HHS.  ATSDR is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession or control of the agency records Plaintiff seeks here.

## FACTS

11.     On June 17, 2013 Beveridge & Diamond submitted a FOIA request to the CDC/ATSDR FOIA Office for:

1) All data related to follow-up work and cohort updates for the cohort used in Rohs AM, Lockey JE, Dunning KK, Shukla R, Fan H, Hilbert T, Borton E, Wiot J, Meyer C, Shipley RT, Lemasters GK, Kapil V, 2008, "Low-level fiber-induced radiographic changes caused by Libby vermiculite: a 25-year follow-up study," Am J Respir Crit Care Med 177:630-637 ("Libby vermiculite study").

This request encompasses all data collected through the present, including but not limited to:

• All chest X-ray and HRCT results;

3

- All pulmonary function testing data, including but not limited to spirometry, diffusion, lung volume, and lung capacity studies; and

- The updated or the most recent exposure matrix and best estimates of smoking data from 1980, 2004, and 2010, including details regarding the quantity of smoking.

2) All communications regarding the content of the above data, evaluation of the above data, or the status of the anticipated publication.

3) All draft manuscripts that may discuss or interpret the above data.

4) All proposals, reports, contract award documents, and any other documents that relate to funding and expenditures associated with the development, evaluation, and publication of the data.

5) A glossary of any of the terms and abbreviations used in the raw data provided in response to this request.

*See* Letter from J. Lanham, Beveridge & Diamond, to CDC/ATSDR FOIA Office (June 17, 2013) (attached as Exhibit A).

12.     Upon information and belief, the follow-up work and cohort updates were conducted by the University of Cincinnati in or about 2009 to 2011 pursuant to a grant by ATSDR.  *See* ATSDR Funding Opportunity Announcement TS-009-02: Disease Progression in Persons Exposed to Asbestos Contaminated Vermiculite Ore in Marysville, Ohio (RO1) (attached as Exhibit B); Letter from Dr. J. Lockey, University of Cincinnati to Dr. D. Wong, Designated Federal Officer, Scientific Advisory Board, EPA(January 31, 2012) (describing additional analyses conducted on the Marysville, Ohio cohort by the University of Cincinnati) (attached as Exhibit C).

13.     The purpose of the additional data collection and analysis funded by ATSDR was to "expand and advance our understanding of exposures to the Libby amphibole and the resulting health comes," to "further conduct epidemiologic investigation of the Marysville, OH cohort, using newly obtained worker exposure data and more comprehensive medical testing," and to

"add to the body of scientific knowledge about the natural history of health outcomes associated with exposure to Libby amphibole."  Exhibit B at 4.

14.     Previous data and studies related to the Marysville, OH cohort have been cited in and support portions of an EPA toxicological assessment regarding Libby amphibole asbestos that is nearing completion.  *See*, *e.g.,* EPA, Draft Toxicological Review of Libby Amphibole Asbestos in Support of Summary Information on the Integrated Risk Information System (IRIS) (August 2011) at 4-35 to 4-44 (discussing Marysville, Ohio studies) (available at http://yosemite.epa.gov/sab/sabproduct.nsf/0/7639C111CC33A48A8525762E007A431A).  The requested data and related records further develop and expand on those data and studies.

15.     In a January 31, 2012 letter to EPA's Scientific Advisory Board ("SAB") Dr. James Lockey of the University of Cincinnati described the Marysville, OH cohort as "instrumental in understanding the health risks associated with Libby amphibole exposure." Exhibit C.  Dr. Lockey provided the SAB with information regarding additional analyses of the cohort conducted by the University of Cincinnati and forthcoming publications that may be "useful" to EPA's Toxicological Review of Libby Amphibole Asbestos.  Exhibit C.

16.     On June 18, 2013, the CDC/ATSDR FOIA Office acknowledged receipt of Beveridge & Diamond's FOIA request, assigned it CDC/ATSDR FOIA Request No. 13-00726-FOIA, and requested additional identifying information regarding the requested information, such as "a contract name or number, [or] funding announcement number."  *See* Letter from K. Norris, CDC/ATSDR FOIA Officer, to J. Lanham, Beveridge & Diamond (June 18, 2013) (attached as Exhibit D).

17.     Beveridge & Diamond provided the CDC/ATSDR FOIA Office with the requested information on July 2, 2013.  *See* Letter from J. Lanham, Beveridge & Diamond to K. Norris, CDC/ATSDR FOIA Officer (July 2, 2013) (attached as Exhibit E).

18.     Under FOIA, the CDC/ATSDR FOIA Office had twenty working days -- until July 31, 2013 -- to respond to Beveridge & Diamond's FOIA request.  5 U.S.C. § 552(a)(6)(A)(i).  FOIA provides that, in the event "unusual circumstances" existed, the CDC/ATSDR FOIA Office could have extended the July 31, 2013 deadline by a maximum of ten working days by providing "written notice to [Beveridge & Diamond] setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched."  5 U.S.C. § 552(a)(6)(B)(i); *see also* 45 C.F.R. § 5.35(c) ("We will notify you in writing of any extension.").

19.     The CDC/ATSDR FOIA Office provided no determination and produced no documents by either the July 31, 2013 deadline or August 14, 2013, which was ten working days after the July 31, 2013 deadline.

20.     Time is of the essence because independent evaluation of the requested data and records and their implications for EPA's assessment could take weeks or months.  However, EPA's assessment is moving forward and is scheduled for completion in the third quarter of Fiscal Year 2014.  *See* IRISTrack Detailed Report, Libby Amphibole (asbestos) Assessment Milestones and Dates, available at

http://cfpub.epa.gov/ncea/iristrac/index.cfm?fuseaction=viewChemical.showChemical&sw_id=1 093.  Each day that CDC/ATSDR delays the release of the information reduces the opportunity for the requester to have sufficient time to conduct a meaningful evaluation.  It is critical that the CDC/ATSDR FOIA Office promptly provide the requested information to allow for meaningful

and appropriate public review and analysis of the information before EPA finalizes its assessment.

21.     As of the date of the filing of this Complaint, more than five months after the statutory deadline for a determination, Beveridge & Diamond has received no determination of any sort from the CDC/ATSDR FOIA Office, no data or information responsive to the June 17, 2013 request, and no response indicating whether and when the requested data and information will be produced.

**CLAIM FOR RELIEF**

**(Failure to Provide Agency Records in Violation of FOIA and HHS Regulations)**
**(5 U.S.C. § 552, 45 C.F.R. Part 5)**

22.     Paragraphs Nos. 1 through 21 are incorporated here by reference.

23.     CDC, ATSDR, and HHS violated FOIA and HHS regulations by failing to make properly requested records promptly available to Beveridge & Diamond.  *See* 5 U.S.C. § 552(a)(3)(A); 45 C.F.R. § 5.35(b)(1).

24.     CDC, ATSDR, and HHS violated FOIA and HHS regulations by failing to make a determination whether to comply with Beveridge & Diamond's June 17, 2013 FOIA request within twenty working days and "immediately notify [Beveridge & Diamond] of such determination and the reasons therefor," *see* 5 U.S.C. § 552(a)(6)(A)(i), and by failing to provide the documents or make them available for inspection as soon as possible after such determination.  *See* 45 C.F.R. § 5.35(b)(1).

25.     CDC, ATSDR, and HHS violated FOIA and HHS regulations when they failed to provide Beveridge & Diamond written notice requesting an extension of the response deadline,

7

accompanied by an explanation of the unusual circumstances and a date on which a determination is expected.  *See* 5 U.S.C. § 552(a)(6)(B)(i); 45 C.F.R. § 5.35(c).

26.  Beveridge & Diamond is deemed to have exhausted its administrative remedies as a result of CDC's, ATSDR's, and HHS's failure to comply with the applicable time provisions of 5 U.S.C. §§ 552(a)(6)(A)-(B).  *See* 5 U.S.C. § 552(a)(6)(C); 45 C.F.R § 5.35(a).

27.  Beveridge & Diamond has a statutory right to the records it has requested and, with no legal basis, CDC, ATSDR, and HHS failed to release even a single responsive document, respond to Beveridge & Diamond's request in a timely manner, or provide any schedule or expected date for releasing the requested information.

## REQUEST FOR EXPEDITED PROCEEDINGS

28.  "Good cause" exists for expediting these proceedings pursuant to 28 U.S.C. § 1657.

29.  CDC, ATSDR, and HHS have violated Beveridge & Diamond's rights under a Federal Statute, FOIA, 5 U.S.C. § 552.  *See* 28 U.S.C. § 1657(a).

30.  The requested data and records relate to the ongoing Libby amphibole asbestos assessment.  EPA is scheduled to complete the assessment in the third quarter of Fiscal Year 2014.  The public cannot respond to and participate in EPA's risk assessment process in a meaningful manner unless the CDC/ATSDR FOIA Office provides the requested information promptly, so that it can be reviewed and evaluated, and any appropriate responses can be prepared and submitted, before EPA completes its Libby amphibole asbestos assessment.

31.     The ongoing failure by CDC, ATSDR, and HHS to respond to Beveridge &
Diamond's June 17, 2013 FOIA request is materially affecting Beveridge & Diamond's ability to
respond to and participate in EPA's assessment of Libby amphibole asbestos.

## REQUESTED RELIEF

WHEREFORE, Beveridge & Diamond requests that the Court award the following relief:

A.  Declare that the failure by CDC, ATSDR, and HHS to disclose the records
requested by Beveridge & Diamond is unlawful;

B.  Order CDC, ATSDR, and HHS to disclose the requested agency records to
Beveridge & Diamond within ten days of this Court's order compelling production;

C.  Provide for expeditious proceedings in this action;

D.  Award Beveridge & Diamond its costs and reasonable attorney fees incurred in
this action; and

E.  Grant such other relief as the Court may deem just and proper.


Respectfully submitted,

  /s/ David A. Barker
BEVERIDGE & DIAMOND, P.C.
David A. Barker (Bar No. 486283)
1350 I Street, N.W., Suite 700
Washington, DC 20005
dbarker@bdlaw.com
Tel: (202) 789-6050
Fax: (202) 789-6177

Jayni A. Lanham (Bar No. 984083)
201 North Charles Street
Baltimore, MD 21201
jlanham@bdlaw.com
Tel: (410) 230-1333
Fax: (410) 230-1389